# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF SAN DIEGO,<br><br>　　　　Defendant. | CASE NO. 02-CV-0693 BEN (CAB)<br><br>**ORDER RE DISCOVERY CROSS-MOTIONS HEARD ON FEBRUARY 16, 2007** |

## I. INTRODUCTION

On February 16, 2007, the Court held a hearing on the parties' discovery cross-motions. Stephen Kovarik, Esq., and James Wagoner, Esq.,[1] appeared for plaintiff Insurance Company of the State of Pennsylvania ("ISOP"). Harvey Levine, Esq., Kristine Wilkes, Esq., and Drew Gardiner, Esq., appeared for defendant City of San Diego ("the City"). Both parties had submitted their motions, oppositions and replies directly to chambers.

This case arises out of ISOP's duty to defend and indemnify the City in three underlying actions brought in state court, which the Court will refer to as the *De La Fuente* matters. The City also has a counterclaim for bad faith refusal of the duty to defend. The *De La Fuente* matters are still being litigated. With regard to the duty to indemnify, the present case therefore has been and remains stayed. With regard to the duty to defend, there has been a determination that ISOP has a

---

[1] Mr. Wagoner appeared telephonically.

duty to defend the City in the *De La Fuente* matters. At this time the parties are proceeding only on the City's counterclaim of bad faith refusal to defend. It is in this limited context that the discovery motions were brought and considered.

## II.  DISCUSSION

### A.  ISOP's Motion to Compel Production of Billing Guidelines and Procedures

ISOP requested the City produce any billing guidelines, instructions or criteria applied to outside counsel representing the City's interests during the period of January 1, 2000 through January 1, 2006, including any hourly rate guidelines to enable ISOP to compare its own policies, rates and practices with those of the City. The City objected on the basis of relevance and privilege.

The objection based on relevance is overruled. The City argues that ISOP's bad faith refusal to defend is manifested not only by denial of the duty to defend, but also by unreasonable failure to pay an appropriate rate for counsel, denial of expenses, and untimely and delayed payments. ISOP claims that its rates and criteria for reimbursement are reasonable and comport with the standards of the community for this type of a case. The City is hereby ordered to produce any non-privileged documents setting forth guidelines, instructions and criteria, including any hourly rate guidelines, used for the retention of outside counsel that are either general in nature, or specific to municipality cases involving land use and property rights. Responsive documents should be produced no later than **March 26, 2007**. If no such documents exist, the City shall serve a written verified response confirming the same.

### B.  Motions to Quash Subpoenas for or to Compel Depositions of Counsel

ISOP sought to quash the City's subpoenas for depositions of ISOP's counsel and to compel depositions of the City's counsel. At the hearing, both parties withdrew their objections to depositions of counsel. ISOP will make James Wagoner available for a deposition. The City, in turn, will make Kristine Wilkes available for a deposition. The parties may bring or renew their motions regarding depositions of additional counsel after the above witnesses are deposed.

### C.  The City's Motion to Compel Production of Documents from Claim Files

The City's motion to compel production of documents from claim files is granted in part

and denied in part.

ISOP withheld or redacted copies of the claim files and other related records, asserting attorney-client privilege and work product. The City asserts that the privilege or work product doctrine do not apply because the withheld materials contain acts and decisions made by counsel, specifically the law firm of McCormick Barstow, who acted as a claims handler and not as a legal advisor. Alternatively, the City argues that the privilege has been waived, because ISOP's claims adjustor, Ms. Aimee Tersy, testified in her deposition that she relied upon counsel in her management of the file.

The City is entitled to the production of the documents from the claim files that do not contain legal advice. The role of the firm of McCormick Barstow with respect to the City's claim for defense costs is unclear and may have included the responsibilities both of a claim handler and legal counsel. The City stated that Mr. Wagoner and other counsel at the McCormick Barstow firm handled the review and payment of invoices tendered by litigation counsel for the City at the request of Ms. Tersy. ISOP, on its part, represented that the counsel at the McCormick Barstow firm provided legal advice to ISOP regarding the payment of the invoices. Further, ISOP asserts that it is not relying on advice of counsel as a defense, and therefore has not waived the privilege.[2] According to ISOP, Ms. Tersy's testimony that she consulted with counsel regarding her claim management does not constitute a waiver.

Because the McCormick Barstow firm may have played a dual role with respect to the City's claims, the discoverability of the documents depends on their content. To the extent that the McCormick Barstow law firm acted as a claim handler with respect to the invoices and their payment, no privilege arose. Tasks such as investigating and analyzing claims and determining whether payment should be made "in the insurance industry ordinarily could be done by an individual not licensed to practice law." *2,022 Ranch, L.L.C. v. Superior Court*, 113 Cal.App.4th

---

[2] The Court notes, however, that the discovery period related to this claim is about to close, and any future change in ISOP's position regarding reliance of advice of counsel defense and waiver of privilege will be prejudicial to the City.

1377, 1398 (2003).

> Cloaking such an adjuster's factual investigation in privilege would shield from discovery information that otherwise would not be entitled to any protection if communicated by an adjuster who was not an attorney but performed the same duties. "To apply the privilege in such a situation would have the effect of placing a premium upon use of attorneys as [adjusters], nonattorneys or clients acting for themselves having no such right to protect their" communications.

*Id.* (citing *Watt Industries, Inc. v. Superior Court*, 115 Cal.App.3d 802, 171 (1981)). Courts have recognized that "[t]he hiring of outside counsel for a specific project usually indicates that a client is seeking legal advice." *Id.* "[E]mploying attorneys to conduct routine claims investigations," however, still "does not make their factual investigations subject to the attorney-client privilege." *Id.* Further, at least one treatise has adopted the view that "factual claims investigations are not protected" and "the only matters that are protected are those communications that constitute the actual requesting or rendering of legal advice." *Id.* at 1399 (citing Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra,* ¶ 8:217.2, p. 8C-58 ("Where an attorney is hired *both to investigate and to advise* the client, the court may have to review the attorney's files *in camera* to determine which documents reflect investigative work and which reflect the rendering of legal advice.") (emphasis original)).

Consequently, counsel's decisions regarding the payment of the City's invoices based on reviews of fee rates, support for expense claims or other factual bases, that did not involve legal analysis, are not privileged. Such matters are accounting tasks and are not related to legal advice. Any documents with respect to which the counsel acted as a mere conduit transmitting the claims to its client are also discoverable.

To the extent that the McCormick Barstow firm may have also performed the duties of legal counsel, the motion is denied. Accordingly, the City's motion to compel production of documents from claim files is therefore granted as to documents related to the review of the City's invoices but not containing legal advice, and denied as to documents containing such advice.

### D.     The City's Request for Production of Ms. Tersy's Performance Reviews

Finally, the City requested ISOP produce any performance evaluations for Ms. Tersy. ISOP is hereby ordered to produce any of Ms. Tersy's performance reviews addressing her general performance, and her performance specific to the management of the City's coverage claims for the

1  *De La Fuente* matters.

2  **IT IS SO ORDERED.**

4  **DATED: February 26, 2007**

_____
CATHY ANN BENCIVENGO
**United States Magistrate Judge**