UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, et al.,<br><br>                                    Plaintiffs,<br><br>    vs.<br><br>CITY OF SAN DIEGO,<br><br>                                    Defendant. | CASE NO. 02-CV-0693 BEN (CAB)<br><br>**ORDER RE PLAINTIFF'S MOTION TO DEEM MATTERS SET FORTH IN PLAINTIFF'S REQUESTS FOR ADMISSION ADMITTED** |

Before the Court is the motion brought by Plaintiff Insurance Company of Pennsylvania ("Plaintiff" or "ISOP") regarding the sufficiency of the responses to ISOP's Requests for Admission Nos. 42, 61, 64 and 72, provided by Defendant City of San Diego ("Defendant" or "the City"). The parties submitted letter briefs in support of their positions directly to chambers, and the Court finds this motion suitable for determination on the papers submitted and without oral argument in accordance with Civil Local Rule 7.1(d)(1).

ISOP contends that the City's responses do not fairly meet the substance of the requested admissions, are non-responsive and equivocal. ISOP further argues that the Court should deem the subject matter of the requests admitted. The City contends that its responses were good faith attempts to meet the substance of the requested admissions. The City argues that the requests as drafted created unfair inferences if admitted. The City's responses therefore included alternative language to clarify the matters to which the City could admit and to qualify or deny the remainder.

Plaintiff's motion to deem admitted the matters set forth in the requests is **DENIED**. The

City is, however, ordered to supplement its response to Request No. 72.

**1.     Request for Admission No. 42**

Request No. 42 asks the City to "Admit that UNITED NATIONAL has not paid any sum in payment of any finalized settlement in the *De La Fuente* cases[1]."

The City responded: "In response to this request, the City admits there is no finalized settlement in the *De La Fuente* cases."

Both parties agree that a finalized settlement has not occurred in the *De La Fuente* cases. The request therefore appears to anticipate a future fact. Consequently, the request is premature and the City's response is adequate. If United National has paid any sum in anticipation of a finalized settlement of the *De La Fuente* cases, such information is not within the possession, control and custody of the City. Plaintiff's motion to deem the matters set forth in this request admitted is **DENIED**.

**2.     Request for Admission No. 61**

Request No. 61 asks the City to "Admit that the CITY's representative first notified ISOP that the defense fees and costs in the *De La Fuente* cases exceeded $900,000 in June, 2001."

The City responded: "Admitted that ISOP did not seek information as to the amount of the City's defense costs in *Border* before June 2001. In all other respects, the Request is denied."

The City contends the request inaccurately implies an obligation on the part of the City to notify ISOP of the defense fees and costs and therefore qualified its response to remove this inference. The City admitted that the information about the amount of the City's defense costs was not exchanged before June 2001. The City denied the remainder of the request. ISOP has not provided any basis for deeming the City's denial of the remainder to be an admission that the defense fees and costs in the De La Fuente cases exceeded $900,000 before June, 2001. Plaintiff's motion to deem admitted the matters set forth in this request is **DENIED**.

**3.     Request for Admission No. 64**

Request No. 64 asks the City to "Admit that in July, 2001, the CITY's representative first sent ISOP representatives copies of the invoices (not remittance copies) for defense fees and costs

---

[1]The underlying state court litigation, still ongoing.

in the *De La Fuente* cases evidencing exhaustion of a self insured retention."

The City responded: "Admitted that ISOP did not seek information as to the amount of the City's defense costs in *Border* before June 2001. In all other respects, the Request is denied."

The City contends the request inaccurately implies an obligation on the part of the City to provide ISOP with evidence of exhaustion of its self-insurance retention. The City therefore again qualified its response to remove the inference. The City admitted that the information about the amount of the City's defense costs was not exchanged before June 2001. The City denied the remainder of the request. ISOP has not provided any basis for deeming the City's denial to be an admission that defense fees and costs in the *De La Fuente* cases evidenced exhaustion of a self-insured retention. Plaintiff's motion to deem admitted the matters set forth in this request is **DENIED**.

### 4. Request for Admission No. 72

Request No. 72 asks the City to "Admit that the CITY's representatives first provided ISOP's representatives with the case management conference questionnaire in the *National Enterprises* case by a letter dated September 21, 2001."

The City responded: "ISOP never sought to review the entire *National Enterprises* pleadings, including the Case Management Questionnaire, prior to September 21, 2001."

The City contends the request inaccurately implies an obligation on the part of the City to provide ISOP with the National Enterprises Case Management Questionnaire, a public record. Therefore the City qualified its response to remove the inference. The City, however, neither admitted nor denied the request. Plaintiff's motion to deem the matters set forth in this request admitted is **DENIED.** The City is ORDERED to supplement its response to either admit or deny that the case management conference questionnaire in the *National Enterprises* case was forwarded to ISOP by a letter dated September 21, 2001.

**IT IS SO ORDERED.**

DATED: March 8, 2007

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge