UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, et al.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>CITY OF SAN DIEGO,<br><br>　　　　　　　　　　　　Defendant. | Civil No.   02cv693 BEN (CAB)<br><br>**ORDER REGARDING DEFENDANT'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS** |

　　　Before the Court is the City of San Diego's ("the City"), motion to compel the production of communications between the Insurance Company of the State of Pennsylvania ("ISOP"), and its counsel, McCormick, Barstow, Sheppard, Wayte & Carruth ("McCormick Barstow"). The parties submitted extensive briefing on this motion and the Court heard argument on September 27, 2007. The motion has been held under submission, in part due to pending motions for summary judgment and ISOP's motion to stay this litigation. Those motions are now resolved. Therefore, the Court returns to this discovery issue.

　　　The Court will not recite the background of this case. It is lengthy and complex. Although certain claims remain stayed, ISOP's motion to stay the City's counterclaim of bad faith denial of the duty to defend was denied and the question was determined "ripe for adjudication." [Doc. No. 489.] Consequently the matter of whether ISOP waived the attorney-client privilege with regard to the determination of its duty to defend is also ripe.

When presented with the City's coverage claim, ISOP engaged the McCormick Barstow firm to obtain legal advice regarding its coverage obligations, if any.  ISOP has withheld from production communications it had with McCormick Barstow on the determination of its duty to defend asserting attorney-client privilege and work product.[1]  The City contends that based on the discovery conducted in connection with the claim, ISOP has waived the privilege as to these communications because "the testimony of ISOP's representatives revealed that ISOP's determinations were based entirely on the recommendations of its attorneys at McCormick Barstow."  (City's Motion at 1.)  For ISOP to establish that its coverage determinations were reasonable and made in good faith, the City argues ISOP will necessarily have to rely upon the investigation and recommendations made by its counsel and therefore has waived the privilege.

ISOP has repeatedly represented it is not asserting an advice of counsel defense, has not affirmatively injected advice of counsel into this case as a defense and has not waived the privilege.  ISOP has repeatedly represented it can and will defend the City's claim of bad faith based upon the language of its policies and the facts of the *De La Fuente* claim, including the complaints, the City's tender of the claim, ISOP's response to those tenders, extrinsic evidence provided by the City, the investigative materials contained in ISOP's file, United National's payments, the City's bill, and ISOP's payment of those bills.  (ISOP's Opposition at 13.)

ISOP acknowledges it retained McCormick Barstow to investigate the City's claim and make a coverage determination under the policy, but asserts those communications are and remain privileged, citing *Aetna Cas. & Sur. Co. v. Superior Ct.*, 153 Cal.App.3d 467 (1984).  In *Aetna*, the insurance company retained counsel to investigate the insured's claim and make a coverage determination under the policy.  The court concluded it was a "classic example of a client seeking legal advice from an attorney." *Id*. at 476.  "An insurance company should be free to seek legal advice in cases where coverage is unclear without fearing that the communications necessary to obtain that advice will later become available to an insured who is dissatisfied with a decision to deny coverage." *Id*. at 474.  The

---

[1] ISOP's privilege log reflects that certain communications, relating to the duty to indemnify, were also withheld based on relevance.  The question of ISOP's duty to indemnify the City is not currently at issue in this litigation, and ISOP's objections regarding production of documents unrelated to the determination of and duty to defend is sustained.

court found the insurance company was not asserting advice of counsel, simply because it accepted the advice of its counsel. *Id*. at 475

ISOP argues that the fact it consulted with, and received advice from, counsel does not waive the attorney-client privilege or inject advice of counsel into the case as an affirmative defense. ISOP's contention, like that of the insurance company in *Aetna*, is that,

> it acted as it did not because it was advised to do so, but because the advice was, in its view, correct; and it is prepared to defend itself on the basis of that asserted correctness rather than the mere fact of the advice. Such a defense does not waive the attorney-client privilege.
> *Id*.

The City, however, argues that regardless of ISOP's contention, the Court should find ISOP impliedly waived the privilege by its conduct that put the opinions or analysis of its attorneys' at issue in the case. The City contends the discovery has demonstrated "virtually all the investigation and analysis was done by counsel or with counsel's participation. . . . Hence ISOP's entire defense of 'correctness' turns on actions and opinions of its counsel who admittedly made this investigation and evaluation." (City's Reply at 2.) Because the "only meaningful source of information as to the reasonableness of ISOP's investigation and policy interpretations is ISOP's legal counsel," as a matter of "fundamental fairness," the City argues ISOP must turn over the attorney communications that contain the how, what, and why of the actions on the City's claim. (*Id*.)

An implied waiver of the attorney-client privilege requires an affirmative act by the asserting party that puts the protected information at issue by making it relevant to the case. *Southern Cal. Gas Co. v. Public Utilities Comm'n*, 50 Cal.3d 31, , 42 n.11(1990). The City contends ISOP actions made the withheld communications relevant because discovery to date demonstrates the withheld communications are the only evidence of the reasonableness or unreasonableness of ISOP's determination of the coverage. ISOP contends it can defend its case based on the factual discovery provided and that the withheld opinions and advice of its counsel are not part of its defense. It has repeatedly and expressly stated it is not relying on its attorneys' advice to defend the City's claim. The Court finds ISOP has not impliedly waived its attorney-client privilege. The motion for the general production of the withheld communications between ISOP and McCormick Barston based on implied waiver of the privilege is

**DENIED**.[2] The City is not, however, precluded by this Order from challenging the withholding of specific documents on ISOP's privilege log. The parties should meet and confer regarding any specific challenges and may submit briefing, as well as the challenged documents for in camera review, as necessary.

ISOP's position that it is not waiving the attorney-client privilege or asserting advice of counsel as an affirmative defense is final as to the City's claim of bad faith regarding the duty to defend. ISOP is precluded from directly or indirectly introducing evidence that it actions regarding the determination of its duty to defend were reasonable because those actions were directed by counsel.

**IT IS SO ORDERED**.

DATED: April 4, 2008

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge

---

[2] This Order does not alter the Court's previous Order issued on February 27, 2007 [Doc. No. 400], regarding production of McCormick Barstow communications regarding the actual payment of the City's defense expenses.