UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, et al.,<br><br>                                          Plaintiffs,<br><br>                    v.<br><br>CITY OF SAN DIEGO,<br><br>                                          Defendant. | Civil No.   02cv693 BEN (CAB)<br><br>**ORDER REGARDING REQUEST FOR PRODUCTION OF DOCUMENTS NOS. 12 AND 29 AND REQUEST FOR ADMISSION NOS. 25, 26** |

   Before the Court are two outstanding discovery matters in this litigation.  The City of San Diego requested an order compelling further responses to its Request for Production Nos. 12 and 29, which requested documents relating to reserves set by the Insurance Company of the State of Pennsylvania ("ISOP"), on the City's claims at issue in this litigation, and documents relating to reinsurance of the ISOP policies.  The City also moved for further responses for its Requests for Admission Nos. 25 and 26.  The motion was briefed and argued, and has been under submission pending resolution of certain other motions, including ISOP's motion to stay.  Those motions having been resolved, the Court now addresses this discovery issue.  The motion is **GRANTED in part** and **DENIED in part**.

   ISOP objected to the City's request for production of the loss reserve and reinsurance documents based on relevance.  As a matter of discovery, this information is not irrelevant to the City's bad faith claim that ISOP breached its duty to defend.  Although it is ISOP's position in this litigation that it did not deny its duty to defend and has indeed paid significant sums for the City's defense of the *De La*

*Fuente* matters, the matter was tendered in October, 2000, and ISOP did not agree to extend a defense until August, 2001.  In at least May, 2001, ISOP communicated to the City that it did not believe there was coverage for the *De La Fuente* matters although it was still investigating.  The City may discover, if between October, 2000 and August, 2001, whether ISOP set reserves for any liability it may have in the underlying matters.  While setting reserves does not constitute an admission of liability, it may be relevant as to ISOP's state of mind for the potential for coverage and therefore ISOP's duty to defend, and is thus relevant.  *Bernstein v. Travelers, Ins. Co.*, 447 F.Supp. 2d 1100,1105 (ND. Cal 2006).  Similarly, non-privileged communications with reinsurers on the policies at issue in the litigation that occurred between October, 2000 and August, 2001, that discuss coverage issues may well be relevant for the same reason as the reserve information.  *Lipton v. Superior Ct.*, 48 Cal.App.4th, 1599,1617-18 (1996).

Accordingly, the City's motion compelling the production of documents is **GRANTED**.  ISOP is hereby ordered to produce non-privileged documents and communications regarding loss reserve and reinsurance for the policies at issue and regarding the *De La Fuente* matters for the following time: from October 4, 2000 to August 27, 2001.  The production shall be made **no later than April 30, 2008**.

The City also seeks an order compelling ISOP to provide further responses to its Requests for Admission regarding hourly rates paid to the law firm of Latham & Watkins by non-party insurers to non-party insureds in matters not related to this litigation.  ISOP's objection is sustained.  These requests deal with what other insurers pay counsel for other cases and have no relevance to whether the rates ISOP is paying Latham & Watkins in the underlying matters at issue in this litigation constitutes a breach of its duty to defend.  The City's motion compelling further responses from ISOP as to these Requests for Admission is **DENIED**.

**IT IS SO ORDERED**.

DATED:  April 4, 2008

**CATHY ANN BENCIVENGO**
United States Magistrate Judge